UNITED STATES DISTRICT
COURT: SOUTHERN DISTRICT
OF FLORIDA

GREG ANDERSON,                                    Case No. 0:22-cv-60433

      Plaintiff,

vs.

YMP REAL ESTATE MANAGEMENT, LLC,
ROBERT RUIZ,

      Defendant.

_____/

## COMPLAINT

Plaintiff GREG ANDERSON, (hereinafter "Plaintiff") by and through his undersigned

attorney hereby sues defendant YMP REAL ESTATE MANAGEMENT, LLC ("YMP"), a

Florida Limited Liability Company, ROBERT RUIZ ("Robert"), (hereinafter "Defendant"), and

says:

## JURISDICTION AND VENUE

1.     This is an action for damages and other relief based on unlawful employment

practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the

provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

("Title VII"); the Florida Civil Rights Act of 1992, Florida Statutes, § 760, et seq. ("FCRA");

and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injury done to Plaintiff

by the Defendant for discriminatory treatment on the basis of race and national origin as well as

retaliation based on that discrimination, and The Florida Civil Rights Act ("FCRA"), §§ 760.01-

760.11.

2.      This Court has jurisdiction of the claims herein pursuant to the FCRA and concurrent jurisdiction with United States District Courts to adjudicate federal claims.

3.      The claims asserted in this Complaint arose in Broward County, Florida during the course of Plaintiff's employment with Defendant.

4.      Venue is proper in this Court since Plaintiff was employed by Defendant in Lauderdale Lakes, Florida.

## **PARTIES**

5.      Plaintiff at all times pertinent to this complaint resided within Oakland Park, Florida.

6.      Plaintiff is over the age of eighteen.  Plaintiff was African American and/or a member of a protected class.

7.      At all relevant times, Plaintiff was African American and/or a member of a protected class. He is therefore a member of a class protected under Title VII, the FRCA and § 1981, because the terms, conditions, and privileges of his employment were altered because of his national origin and/or race.

8.      Defendant was a "person" and/or an "employer" pursuant to Title VII and the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

9.      Defendant Robert is a "person" within the purview of the FCRA.

10.     At all times material hereto Defendant YMP was an "employer" within the meaning of the FCRA.

11.     At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the FCRA.

12.     Plaintiff is an African American male individual and is a member of a class of persons protected from discrimination in his employment under Title VII, the FRCA, and § 1981

13.     Defendant YMP is a Florida Limited Liability Company organized and existing in Florida with its principal place of business in Lauderdale Lakes, Florida.

14.     Defendant Robert Ruiz is an office manager at YMP and had the power to hire, fire and make employment determinations.

15.     Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA.

16.     Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission.

17.     That under a work sharing agreement between the EEOC and the FCHR, a charge with the EEOC is considered dual filed with the FCHR.  Similarly, a charge filed with the FCHR or a local agency within the State of Florida is considered dual filed with the EEOC.

18.     Plaintiff's Charge was filed on or about January 27, 2021 and was amended on or about January 27, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge and said Charge is timely under Federal Law.

19.     Plaintiff's Charge was filed on or about January 27, 2021 and was amended on or about January 27, 2021.  The actions complained of herein occurred within 365 days thereof and/or continued from that date stemming from the same actions set forth in the Charge and said Charge is timely under State Law.

20.     Plaintiff was constructively terminated and actually terminated from his position on October 9, 2020. His Charge was therefore timely filed.

21.     Plaintiff was issued a Notice of Right to Sue letter on December 21, 2021.

22.     A Notice of Right to Sue satisfies conditions precedent under both Federal law and State law.

23.     This suit is filed in accordance with that Notice and within the applicable 90-day time limitation under Federal Law and the one-year time-period under State Law.  *See Woodham v. Blue Cross & Blue Shield of Fla.*, 829 So. 2d 891 (Fla. 2002)

24.     All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS AND FACTS

25.     Plaintiff, an individual who was African American and was hired by Defendant on or about June 2017 to be a maintenance technician.

26.     On or about June 2017, Plaintiff began his employment with YMP as a Maintenance Technician earning the sum of $19.75 per hour.

27.     Plaintiff worked under the supervision of the Senior Supervisor named Robert Ruiz at the time.

28.     On or about January 2020, Robert Ruiz the Senior Supervisor was hired and is of Cuban descent.

29.     Soon after Robert Ruiz was hired by YMP, Plaintiff noticed that all African American employees were constantly written up and yet none of the employees of Cuban origin were ever written up.

30.     On or about April 2020, Robert Ruiz coerced Plaintiff to attend a social gathering by threatening to write him up, despite knowing that Plaintiff does not eat meals unless they are prepared by his family.

31.     On several occasions, Robert Ruiz has made xenophobic-based comments to Plaintiff and his colleagues regarding immigrants taking their jobs and cultivating hostilities towards those who are not of Cuban origin.

32.     On several occasions, Robert Ruiz has been known to threaten African American employees at YMP with the threat of termination.

33.     On or about October 2020, Plaintiff was tasked with repairing a leak at a client's apartment but Plaintiff left without completing the task because the client was continuously yelling at Plaintiff without reason. The client subsequently made a false accusation against Plaintiff, claiming that she felt threatened by Plaintiff.

34.     On or about October 9, 2020, Plaintiff was terminated by Robert Ruiz, a Senior Supervisor with the ability to hire and fire, due to unsubstantiated claims brought forth by the disgruntled client.

35.     YMP and Robert Ruiz used this opportunity to wrongfully terminate the Plaintiff and by October 9, 2020, there were no other African American employees working at YMP.

36.     From January 2020 onwards, YMP was not hiring African American employees.

37.     This termination was improper in all regards.

38.     Plaintiff's national origin, race, and/or his complaints of discrimination, were the motivating factor in Defendants' decision for the termination of Plaintiff.

39.     Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I

**Race Discrimination in Violation of 42 USC 1981 (Against all Defendants)**

40.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this complaint as if set out in full herein.

41.     Plaintiff is a member of a protected class under § 1981.

42.     By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

43.     Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

44.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law

45.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

46.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

47.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

48.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

49.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

50.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

51.     So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for:

A.     Actual damages as a result of Defendant's discriminatory actions;

B.     Punitive damages due to Defendant's willful behavior;

C.     Compensatory damages;

D.     Injunctive relief where feasible;

E.     Attorney's fees;

F.     Costs of this action; and

G.     Any other relief this Court deems proper.

## COUNT II

### Retaliation in Violation of 42 USC 1981 (Against all Defendants)

52.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-51 of this complaint as if set out in full herein.

53.     Plaintiff is a member of a protected class under § 1981.

54.     By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981

55.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law

56.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

57.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

58.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

59.    . Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief

60.    So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A.    Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.    Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.    Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.    Award any other compensation allowed by law including punitive damages,

G.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III

**Race Discrimination in Violation of the FCRA (Against YMP Real Estate Management, LLC)**

61.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-60 above as if set out in full herein

62.     .Plaintiff is a member of a protected class under the FCRA.

63.     By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity

64.     Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Native America/African American.

65.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

66.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

67.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

68.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

69.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

70.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

71.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.     Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.     Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.     Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.     Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.      Award any other compensation allowed by law including punitive damages,

G.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### National Origin Discrimination in Violation of the FCRA (Against YMP Real Estate Management, LLC)

72.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-71 of this complaint as if set out in full herein.

73.      At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues § 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

74.      The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

75.      The Plaintiff is of African American national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

76.      The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-African American employees were allowed better work opportunities by not being subjected to racial epithets and receiving better benefits from Defendant.

77.      The Plaintiff was terminated as a result of his national origin and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

78.     As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

79.     Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

80.     Plaintiff was qualified for his position with Defendant.

81.     Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

82.     Defendant retaliated against Plaintiff after complaints of national origin discrimination and failed to address complaints of discrimination.

83.     The Defendant's actions were malicious and were of reckless indifference to the Plaintiff's rights pursuant to Florida Statute § 760, protecting a person from discrimination because of race and national origin.

84.     The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.      Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.      Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.      Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.      Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.      Award any other compensation allowed by law including punitive damages,

G.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V

**Retaliation in Violation of the FCRA (Against YMP Real Estate Management, LLC)**

85.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-84 of this complaint as if set out in full herein.

86.      Plaintiff is a member of a protected class under the FCRA.

87.      By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

88.      Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful but acted in reckless disregard of the law.

89.      As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

90.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

91.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

91.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A.     Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.     Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.     Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.     Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.      Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.      Award any other compensation allowed by law including punitive damages,

G.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI**

**Hostile Work Environment in Violation of the FCRA (Against YMP Real Estate Management, LLC)**

92.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-91 of this complaint as if set out in full herein.

93.     Plaintiff is a member of a protected class under the FCRA.

94.     As part of its protections, the FCRA protects the rights of employees to work in a safe workplace free from harassment or abuse.

95.     The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

96.     The harassing conduct Plaintiff was subjected to was perpetrated against his as a result of being Black and African American.

97.     Plaintiff was the victim of harassment when Defendant's agents failed to provide a safe environment by failing to discipline racist co-workers and arbitrarily discipling the Plaintiff – despite no factual background to support a claim.

98.     The harassment Plaintiff was subjected to rose to a level that would dissuade a reasonable worker from making or supporting a charge of discrimination.

99.     Defendant's alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

100.    As a result of the hostile work environment to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A.     Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.     Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.     Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.     Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.     Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.     Award any other compensation allowed by law including punitive damages,

G.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNTY VII

### Race Discrimination in Violation of 42 U.S.C § 2000e (Against YMP Real Estate Management, LLC)

101.    Plaintiff pursuant to Title VII, 42 U.S.C. § 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-100 of this initial complaint and states:

102.    At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. § 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect their status as an employee, because of such individual's race, color, religion, sex, or national origin."

103.    The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

104.    Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race –African American.

105.    At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was African American.

106.    At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

107.    The Plaintiff was qualified for the position apart from his apparent race.

108.    The Plaintiff was discriminated against by his supervisor because he was African American.

109.    The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

110.    The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

111.    Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

112.    Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was African American, in violation of the Act.

113.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

114.    Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's race.

115.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

WHEREFORE Plaintiff respectfully prays for the following relief against Defendant:

A.    Grant a permanent injunction enjoining Defendant its officers, successors, assignors, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B.    Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C.    Reinstate full fringe benefits and seniority rights to Plaintiff

D.    Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E.    For a money judgment representing prejudgment interest.

F.    Award any other compensation allowed by law including punitive damages,

G.    Attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT VIII

### National Origin Discrimination in Violation of 42 U.S.C. § (Against YMP Real Estate Management, LLC)

116.    Plaintiff pursuant to Title VII, 42 U.S.C. § 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-115 of this initial complaint and states:

117.    At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. § 2000 e-2 (a)], which states, "It shall be an unlawful

employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

118.   The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's national origin.

119.   Defendant's decision to discriminate against Plaintiff was because of Plaintiff's national origin – African American.

120.   At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was African American.

121.   At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

122.   The Plaintiff was qualified for the position apart from his apparent national origin.

123.   The Plaintiff was discriminated against by his supervisor because he was African American.

124.   The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

125.   The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

126.    Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

127.    Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was African American, in violation of the Act.

128.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering

129.    Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

130.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of national origin constitutes unlawful discrimination

WHEREFORE Plaintiff respectfully prays for the following relief against Defendant:

A.    Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B.    Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C.    Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages,

G.  Attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT IX

### Retaliation in Violation of 42 U.S.C. § 2000e (Against YMP Real Estate Management, LLC)

131.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-130 of this complaint as if set out in full herein.

132.  Plaintiff is a member of a protected class under Title VII.

133.  By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII.

134.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful but acted in reckless disregard of the law.

135.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

136.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

137.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

138.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendant have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.     Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.     Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.     Award any other compensation allowed by law including punitive damages

E.     Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F.      Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X

### Hostile Work Environment in Violation of 42 U.S.C. § 2000e (Against YMP Real Estate Management, LLC)

139.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-138 of this complaint as if set out in full herein.

140.    Plaintiff is a member of a protected class under Title VII.

141.    As part of its protections, Title VII protects the rights of employees to work in a safe workplace free from harassment or abuse.

142.    The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the Title VII.

143.    The harassing conduct Plaintiff was subjected to was perpetrated against him as a result of being Black and African American.

144.    Plaintiff was the victim of harassment when Defendant's agents failed to provide a safe environment by failing to discipline racist co-workers and arbitrarily disciplining the Plaintiff – despite no factual background to support a claim. Plaintiff was also the victim of harassment due to Defendant's agents failing to give Plaintiff an equal share of "premium" shifts and sections at Defendant's restaurant.

145.    The harassment Plaintiff was subjected to rose to a level that would dissuade a reasonable worker from making or supporting a charge of discrimination.

146.    Defendant's alleged bases for the adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

147.    As a result of the hostile work environment to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.    Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.    Award any other compensation allowed by law including punitive damages

E.    Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

F.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fee; and

G.      Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a

matter of right.

Dated: February 28, 2022

                      ***Jason Tenenbaum, Esq.***
                      Florida Bar No.: 0670200
                      Attorney for Plaintiff
                      The Tenenbaum Law Group, PLLC,
                      1600 Ponce De Leon Boulevard, 10th Floor
                      Coral Gables, FL 33134
                      Telephone: (305) 402-9529
                      Email: Jason@tenenbaumlawgroup.com
                      **Matter # 8850-0024**